UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LENA M. STINES, individually and as next friend of SYLVIA R.HICKMAN,<br>    Plaintiffs,<br><br>  vs.<br><br>M.R.S. ASSOCIATES, INC.,<br>    Defendant. | )<br>)<br>)<br>)<br>)    1:04-CV-0771-SEB-JPG<br>)<br>)<br>) |

**ENTRY ON DEFENDANTS MOTION FOR SUMMARY JUDGMENT**

This case involves a challenge to a form dunning letter sent by the Defendant, M.R.S. Associates, Inc. ("M.R.S.") to Plaintiff, Sylvia R. Hickman. Plaintiffs allege that the letter violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e and 1692g. M.R.S. argues that the letter is not in violation of the Act and, for the reasons set forth in this entry, we agree and grant summary judgment in its favor.

**I.    Summary Judgment Standard**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party on the particular issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, (1986). In considering a motion for summary judgment, a court must review the record and draw all reasonable inferences in the light most favorable to the non-moving party. *Id.* at 255; *Del Raso v. United States*, 244 F.3d 567, 570 (7th

Cir. 2001). "[A] party will be successful in opposing summary judgment only when they present definite, competent evidence to rebut the motion." *Smith on Behalf of Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). Moreover, summary judgment is often particularly appropriate where the language of a document or contract is at issue. *See, e.g., Ooley v. Schwitzer Div., Household Mfg., Inc.*, 961 F.2d 1293, 1298 (7th Cir. 1992).

## II.     Factual Background

M.R.S. was retained by Capital One to collect the unpaid credit card debt of Ms. Hickman. Ms. Hickman had signed a limited power of attorney, appointing her mother, Lena Hines, as her attorney-in-fact. Indeed, due to Ms. Hickman's physical disability, Ms. Hines was the person who actually received and dealt with the collection letter at issue in this matter. Upon receiving the collection assignment on the credit card account, M.R.S. sent Ms. Hickman a form letter, dated July 26, 2003, announcing its retention by Capital One to collect the past due balance and setting forth the amount of the current balance. More specifically, the one-page letter contains in the upper portion a cut-away mailing receipt which sets forth Hickman's name and address as well as those of M.R.S. which is designed to be cut off and returned with a payment. The letter also sets forth four small, labeled boxes containing a printed reference to Capital One as the creditor, the Capital One account number, the M.R.S. account number and the account balance of $805.32. Below the boxes, in parentheses, is the phrase "[i]nterest may accrue on unpaid balances." The lower part of the letter repeats this same information followed by this narrative:

>     RE: CAPITAL ONE

CLT ACCT#: 5291071747108494
MRS ACCT# 03350900
ACCOUNT BALANCE: $805.32     (Interest may accrue on unpaid balances)

Dear SYLVIA R. HICKMAN,

The above referenced client has placed your account with our office for collection. This decision was made due to your continued failure to meet your contractual obligation. If for some reason you believe this debt is not valid, please review your rights listed at the bottom of this letter.

If the debt is not in dispute, then you have an important decision to make: honor your contractual obligation and receive significant positive benefits from satisfying the debt or continue not honoring your contractual obligation and face the possibility of negative consequences. The negative consequences are determined by the terms and conditions of your contract, the applicable laws in your state, and our client's willingness to incur additional costs and expenses (which may in turn be passed on to you!).

Clearly our client would prefer to work with you than against you, however, the decision to proceed with further collection activity is determined by you and your willingness to honor your commitment.

**Which would you prefer the positive benefits or negative consequences? The choice is yours!**

### IMPORTANT CONSUMER INFORMATION

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collection agency.

>Sincerely,
>/s/ B. Simone
>B. Simone
>Director of Operations 1-877-774-7992
>M.R.S. ASSOCIATES, INC.

The FDCPA forbids a debt collector from providing a false or misleading representation as to the amount or legal status of the debt owed or from using any deceptive means to collect the debt. 15 U.S.C. § 1692e. It also requires the debt collector to send the consumer a written notice containing, among other things, the amount of the debt and a statement regarding the consumer's right to dispute or validate the debt which is sought to be collected from her. 15 U.S.C. § 1692g. The language following the underlined heading "<u>IMPORTANT CONSUMER INFORMATION</u>" is taken, nearly word for word, from the provisions of Sections 1692g(4) and (5) of Title 15 regarding debt validation rights.

### III.    Discussion

Plaintiffs have two complaints with regard to the collection letter sent by Defendant. First, they argue that the letter is confusing and misleading as to the amount M.R.S. is attempting to collect. They point to the fact that an account balance is given, but then the consumer is also told that "interest may accrue on unpaid balances." This, they argue, is misleading, in violation of 15 U.S.C. § 1692e, and fails to set forth accurately the amount of the debt, in violation of 15 U.S.C. § 1692g. Second, they maintain that the part of the narrative portion which states, "[i]f for some reason you believe this debt is not valid, please review your rights listed at the bottom of this letter," is confusing and imposes an impermissible condition on the consumer's exercise of validation rights by implying that he or she must have a "reason" in order to dispute the debt.

Plaintiffs claim this violates 15 U.S.C. § 1692g because M.R.S. has failed to clearly set forth the consumer's right to validate any debt that is the subject of collection.

When determining whether a debt collection letter violates Sections 1692e or 1692g, we must examine the letter from the viewpoint of an unsophisticated consumer. *Durkin v. Equifax Check Services, Inc.*, 406 F.3d 410, 414 (7th Cir. 2005).  That is not to say that we must imagine what the "least" sophisticated of consumers might think; rather, it is an objective standard that spares the court the necessity of considering peculiar, bizarre, unrealistic or idiosyncratic interpretations of the letter. *Id.*  Further, though both sides ask us to consider how other federal district court judges have ruled on recent challenges to similar letters sent by M.R.S. (Compare, *Mendez v. M.R.S. Associates, a New Jersey Corp.*, Slip Copy, 2005 WL 1564977, (N.D.Ill., June 27, 2005), with, *Lucas v. M.R.S. Associates, Inc.*, Slip Copy, 2005 WL 1926570, (N.D.Ind.,August 11, 2005)), we remind the parties that we are not bound by those determinations, which, like all trial court opinions, provide virtually no precedential value. *TMF Tool Co., Inc. v. Muller*, 913 F.2d 1185, 1191 (7th Cir. 1990).  This is especially true where, as here, there is adequate guidance from our court of appeals.

In *Chuway v. National Action Financial Services, Inc.*, 362 F.3d 944 (7th Cir. 2004), the Seventh Circuit walked through the appropriate analytical steps a court must take in reviewing challenges to the clarity of dunning letters.  "If it is apparent just from reading the letter that it is unclear" and "the plaintiff testifies credibly that she was indeed confused" and that she is representative of the type of people this or similar letters are sent to, then a prima facie case has been established and, at a minimum, a question of fact exists for trial. *Id.* at 948.  "But if it is

unclear whether the letter would confuse intended recipients of it, then to make out a prima facie case the plaintiff has to go further and present evidence (beyond her own say-so) of confusion, for example in the form of a carefully designed and conducted consumer survey." *Id*. Only if it would confuse a significant portion of the persons to whom it was directed will a dunning letter subject the collection agency to liability for lack of clarity. *Id*.

Plaintiffs argue that a recipient of this letter would be confused as to the amount of the debt because, in addition to presenting a balance due of $805.32, it states that interest could be accruing on the unpaid balance. In other words, according to Plaintiffs, the additional reference to interest potentially accruing confuses the reader with regard to the amount actually being sought by M.R.S. Plaintiffs' claim might be more persuasive if the Seventh Circuit, shortly after issuing the *Chuway* decision, had not ruled in another case presenting similar allegations of confusion regarding statements in a dunning letter referencing the continued accrual of interest on the underlying debt. In *Taylor v. Cavalry Inv., L.L.C.,* 365 F.3d 572 (7th Cir. 2004), a consolidated case, the Court examined two separate dunning letters, both of which were alleged to be confusing with regard to the amount of the debt to be collected. The first letter contained a principal balance, the interest owed and the total balance, followed by a statement that "[i]f applicable your account may have or will accrue interest at a rate specified in your contractual agreement with the original creditor." *Id.* at 574. The second letter also provided a principal balance, the amount of interest owed and a total balance due, followed by the statement that "[y]our account balance may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with your creditor." *Id.* at 575. The Seventh Circuit held that both of these letters contained a "clear statement of a truism." *Id*. We reach the

same conclusion here, despite Plaintiffs' complaint that the M.R.S. letter failed to separate the debt into the principal and interest components of the total amount due.  While arguably the letters in *Taylor* were clearer than the M.R.S. letter, the law does not hold a debt collector to a standard of using the clearest possible language or form.  If that were the standard, there would be only one version of form letter acceptable under the Act.  All that is required by the statute and the Seventh Circuit precedent is that the letter inform with reasonable clarity an unsophisticated consumer of the amount of the debt sought to be collected.  *Id*. at 574.

Plaintiffs advance a second complaint as well:  The language in the narrative portion of the dunning letter directing the recipient to review her debt verification rights at the bottom of the page, should she believe for some reason that the debt is not valid, is an implied limitation on her rights in that it suggests that "a reason" is required for her to be able to exercise her rights.  We find this convoluted criticism to be precisely the type of ingenious or idiosyncratic interpretation that *Durkin* and *Chuway* specifically instruct us to avoid.  *Durkin,* 406 F.3d at 414; *Chuway*, 362 F.3d at 948.  The M.R.S. letter sets forth the debt validation language required by the FDCPA.  It even contains underlining and bold print in the heading to alert the consumer of her rights.  The argument made here is more typical of the technical convolutions of a highly educated attorney searching for some deficiency in a letter, rather than fairly reflective of confusion or deception of an unsophisticated consumer to whom the correspondence was directed.

Noticeably missing from Plaintiffs' filings and submissions is any affidavit or other

similarly acceptable affirmation indicating that either of them was in fact confused by the letter. Indeed, the Complaint omits any specific allegation to that effect, relying instead on a general allegation that the letter is inherently "confusing and misleading."  The credible factual testimony asserting actual confusion on the part of the complaining party, as *Durkin* and *Chuway* require, is totally missing here.  *Durkin,* 406 F.3d at 415; *Chuway*, 362 F.3d at 948.  Even if such testimony had been provided, it would not carry the day, however, because, where a simple reading of the letter fails to establish that it is confusing, the plaintiff must adduce additional evidence to demonstrate confusion on the part of the unsophisticated consumer (such as a carefully crafted consumer survey), which is also lacking here.  *Durkin,* 406 F.3d at 415; *Chuway*, 362 F.3d at 948.  The text of the letter in the case at bar does not support a finding that it is confusing  - not in the least - and Plaintiffs have failed to offer any evidentiary support to the contrary.

### IV.   Conclusion

For the reasons discussed above, Defendant's Combined Motion to Stay Ruling on Plaintiff's Motion For Class Certification and Motion for Summary Judgment (Docket # 28) is GRANTED, and judgment shall issue in favor of the Defendant.

SO ORDERED.

09/30/2005

*(signature)*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Cathleen Maria Combs
EDLEMAN COMBS & LATTURNER
ccombs@edcombs.com

Daniel A. Edelman
EDELMAN COMBS & LATTURNER LLC
courtecl@aol.com

Jennifer Marie Herrmann
KIGHTLINGER & GRAY
jherrmann@k-glaw.com

James O. Latturner
EDELMAN COMBS LATTURNER GOODWIN
jlatturner@edcombs.com

Thomas Everett Soule
EDELMAN COMBS & LATTURNER
courtecl@aol.com

Peter A. Velde
KIGHTLINGER & GRAY
pvelde@k-glaw.com